UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WD MUSIC PRODUCTS, INC.,

                   Plaintiff,

     -against-

ANTHONY MULLER and DDDDC, INC.,

                   Defendants.
----------------------------------------------------------------x
AMON, Chief United States District Judge:

**NOT FOR PUBLICATION**
MEMORANDUM AND ORDER
11-CV-01588 (CBA) (JO)

The plaintiff WD Music Products, Inc., ("WD") filed this action on March 31, 2011, alleging that the defendants Anthony Muller and DDDDC, Inc., breached a written services agreement with WD by overcharging for services, unlawfully seizing and converting WD's websites, and by otherwise preventing it from performing internet sales.   The plaintiff has already brought two actions against the same defendants in New York State Supreme Court, both of which were dismissed.   The defendants move to dismiss the instant action as barred by the doctrine of *res judicata*.

## BACKGROUND

WD is a retailer and distributor of guitar parts and related products, and sells its products on its own company website.   This dispute involves a contract entered into between Muller and WD in 2004, pursuant to which Muller was to provide certain online services to increase WD's internet sales.   According to the complaint, the contract provided that Muller would be compensated by commission, based on WD's increase in monthly internet sales.   Muller began work in August 2005 and issued monthly invoices through August 2007.   The complaint alleges that Muller worked closely with Brian Garrison, and employee of WD, who also assisted Muller

1

with online website work for some of his other customers.   According to the complaint, it was one

of Garrison's duties to advise Muller of WD's monthly internet sales, and WD management relied

on Garrison to report such sales.

The complaint alleges that Muller falsely inflated WD's internet sales figures in order to

obtain unearned commissions.   In the spring of 2007, an accountant discovered the discrepancies

in Muller's billing while performing a review of WD's sales.   When confronted with the

accountant's analysis, Muller allegedly threatened to shut WD's business down and "seize" the

content of WD's websites.   The complaint further alleges that, "Muller had taken nearly total

control of critical programs, functions and actually taken title to certain computer programs,

'shopping cart programs,' without WD's knowledge or consent," and that Muller had confidential

internet sales records secretly and automatically sent directly to an email address he controlled

without WD's knowledge or consent.

In August 2007, WD initiated an action against Muller and DDDDC, Inc. in the New York

State Supreme Court, Suffolk County under the caption WD Music Products, Inc. v. Muller, Index

No. 24499/07 ("First Action").   The case was assigned to Justice Baisley.   The amended

complaint in the First Action asserted seven causes of actions against the defendants – including

breach of contract, fraud and conversion – based upon Muller's conduct in connection with his

performance of the June 2004 contract.   It alleged, among other things, that Muller converted

website functionality to his control, overcharged in his invoices, "subverted" WD employee

Garrison, and threatened to shut down the WD website.   On October 3, 2008, the defendants

moved under CPLR § 3126 to strike the pleadings and enter a default judgment on the grounds that

the plaintiff willfully and deliberately disregarded its discovery obligations.   In the alternative, the

defendants sought an order directing the plaintiff to comply with certain discovery requests.   On

January 29, 2009, the state court issued an order directing the plaintiff to provide full, complete, and substantive responses to all of the defendants' outstanding discovery demands.   The order stated that should the plaintiff fail to timely comply, the defendants would be permitted to submit an order striking the plaintiff's complaint.   On September 18, 2009, the state court issued an order striking the plaintiff's amended complaint, dismissing the plaintiff's claims in the first action, and denying the plaintiff's cross-motion for summary judgment ("First Dismissal Order").

On or about December 2, 2009, the plaintiff commenced a second action against Muller and DDDDC, Inc. in New York Supreme Court, Suffolk County under the caption <u>WD Music Products, Inc. v. Muller, et al.</u>, Index No. 47623/09 ("Second Action").   The Second Action was also assigned to Justice Baisley, as a related case, and also alleged facts related to Muller's performance under the June 2004 contract.   It asserted causes of action for fraudulent billing records and lost profits, described Muller's control over WD's websites, and alleged that WD was being overcharged by Muller under the belief that internet sales were increasing.   On May 19, 2010, Justice Baisley dismissed the Second Action as barred under the doctrine of *res judicata* ("Second Dismissal Order").   The plaintiff appealed the Second Dismissal Order, but the appeal was dismissed by the Appellate Division, Second Department, as untimely filed.

The plaintiff initiated this action on March 31, 2011.

## DISCUSSION

### I.    *Res Judicata*

The defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint as barred by the doctrine of *res judicata*.   "Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." <u>Thompson v. County of Franklin</u>, 15 F.3d 245, 253 (2d Cir. 1994). When a defendant raises *res*

*judicata* as a defense and "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law," dismissal under Rule 12(b)(6) is appropriate. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).

Under the doctrine of *res judicata*, a plaintiff's claims are barred as a matter of law by a previous action where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quotations and citations omitted).

This case turns on the preclusive effect of a prior state court judgment in a federal action. "[A] state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994). Therefore, to determine the preclusive effect of the state court actions in this case, the Court "must determine what preclusive effect a New York state court would give [the plaintiff's] previous actions." Hameed v. Aldana, 296 Fed. App'x 154, 155 (2d Cir. 2008).

Under New York law, "the doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." Duane Reade, Inc. v. St. Paul Fire & Marine Ins., Co., 600 F.3d 190, 195 (2d Cir. 2010) (internal citations and alterations omitted). New York law dictates that in deciding whether a claim is one which was or could have been raised in a prior action, the question is whether the claim "aris[es] out of the same transaction or series of transactions" involved in the prior action. Hameed, 296 Fed. App'x at 155 (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)).

There is no question that both the state court actions and the instant action arise out of the

4

same transaction or series of transactions.   The plaintiff's claims in all three actions center on the defendants' performance under the June 2004 contract, and are based on allegations that the defendants improperly billed under those contracts, used an employee of WD for their purposes, and ultimately seized control of WD's website, causing WD to lose internet sales.

At issue in this case is whether the claims in the previous action were adjudicated on the merits.   Under New York law, an action need not be tried to judgment to constitute a final adjudication on the merits.   See, e.g., Yonkers Contracting Co. v. Port Authority Trans-Hudson Corp, 93 N.Y.2d 375, 380 (1999).   "A dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff."   Yonkers Contracting, 93 N.Y.2d at 380.   However, "[w]here a plaintiff's noncompliance with a disclosure order does not result in a dismissal with prejudice, or an order of preclusion or summary judgment in favor of defendant so as to effectively close plaintiff's proof, dismissal resulting from the noncompliance is not a merits determination so as to bar commencement of a second action."   Maitland v Trojan Elec. & Mach. Co., 65 N.Y.2d 614, 615-16 (1985).

Both parties devote the bulk of their motion papers to disputing whether, under New York law, the First Action was dismissed on the merits.   The First Dismissal Order was based on plaintiff's "overall pattern of persistent and willful noncompliance" with discovery demands and court orders.   (First Dismissal Order 3.)   Although the state court dismissed the plaintiff's complaint, the First Dismissal Order did not state that the dismissal was "with prejudice," and it was not accompanied by an order of preclusion.   The plaintiffs therefore argue that it was not a dismissal on the merits.   The defendants, on the other hand, argue that the First Dismissal Order should nevertheless be granted preclusive effect because it was the clear intent of the order to

dismiss the action with prejudice.

The Court need not decide in the first instance whether the First Dismissal Order was an adjudication on the merits under New York law, because that determination has already been made by Justice Baisley in the Second Action. "[T]he Full Faith and Credit Act requires that federal courts give [a] state-court judgment, and particularly [a] state court's resolution of the res judicata issue, the same preclusive effect it would have had in another court of the same State." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525 (1986); see also West v. Ruff, 961 F.2d 1064, 1065 (2d Cir. 1992) ("State court judgments are to be given the same preclusive effect in federal court as they would be given in the courts of the state itself. Thus, if [a plaintiff] would be barred from relitigating the same issues or claims in a New York state court, he will also be barred in the instant matter." (internal citations and quotation marks omitted)).

In Hameed, the Second Circuit addressed the applicability of the *res judicata* doctrine to a district court action that was preceded by three state court actions. In that case, the third state court action was dismissed by the New York State Supreme Court as barred on *res judicata* grounds, in light of the two prior actions which arose from the same facts and circumstances and which were dismissed. 296 Fed. App'x at 155. The Second Circuit held that that the state court's decision dismissing the third action on *res judicata* grounds "itself create[d] a preclusive effect," and thus found that the district court correctly dismissed the federal action on *res judicata* grounds. Id.

Like in Hameed, the state court's decision dismissing the Second Action on *res judicata* grounds itself creates a preclusive effect. The Second Dismissal Order—which incidentally was Justice Baisley's interpretation of his own order in the First Action—expressly found that the First Dismissal Order was issued with "the intent to [] preclude the plaintiff from continuing to pursue

6

its claims against defendants." (Def. Dec., DE # 11, Ex. I.) Justice Baisley therefore found the Second Action barred by principles of *res judicata*, and dismissed it with prejudice. The Full Faith and Credit Act requires this Court to give preclusive effect to that determination. Accordingly, the plaintiff's complaint is dismissed as barred by the doctrine of *res judicata*.

## II.      Sanctions

The defendants move for sanctions under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (citations and quotation marks omitted). "Even if the district court concludes that the assertion of a given claim violates Rule 11, . . . the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004).

Likewise, under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions under § 1927 may be imposed "'only when there is a finding of conduct constituting or akin to bad faith.'" In re 60 East 80th Street Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (quoting Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997). Under the circumstances, the Court will not impose sanctions. Neither the standards of Rule 11 nor those of § 1927 have been met by the filing of this action.

## CONCLUSION

For the reasons stated above, the complaint is dismissed under the doctrine *of res judicata*.

The defendants' motion for sanctions is denied.   The Clerk of Court is directed to enter judgment

in accordance with this order and to close the case.


SO ORDERED.

Dated: Brooklyn, N.Y.
          December 28, 2011


                                        _____/s/_____
                                        Carol Bagley Amon
                                        Chief United States District Judge