UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WD MUSIC PRODUCTS, INC.,

                    Plaintiff,                **NOT FOR PUBLICATION**
                                                          <u>MEMORANDUM AND ORDER</u>
  -against-                                       11-CV-01588 (CBA) (JO)

ANTHONY MULLER and DDDDC, INC.,

                    Defendants.
------------------------------------------------------------------x
AMON, Chief United States District Judge:

       The plaintiff WD Music Products, Inc., ("WD") petitioned this Court by letter dated January 10, 2012, for a pre-motion conference to discuss the plaintiff's proposed motion for relief from the Court's judgment under Rule 60 of the Federal Rules of Civil Procedure. The Court construes the plaintiff's letter as its Rule 60 motion. For the following reasons, the Court finds that the plaintiff is not entitled to relief under Rule 60. Accordingly, the plaintiff's motion is denied.

       The Court assumes familiarity with its December 29, 2011, order granting the defendants' motion to dismiss the plaintiff's complaint on *res judicata* grounds. A final judgment was entered dismissing the plaintiff's complaint on December 30, 2011. The plaintiff contends that it is entitled to relief from that judgment under Rule 60 because (1) the Court erred in relying on the state court's decision in the Second Action that gave preclusive effect to the state court's earlier order dismissing the First Action; and (2) the interests of justice require that the plaintiff be given its day in court.

       "Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from or modify an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances." <u>Guishan, Inc. v. Arici</u>, 635 F. Supp. 2d 187, 191 (E.D.N.Y. 2009). Rule 60(b) cannot be used as an attempt to

1

relitigate issues already addressed by the district court. Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 273 (S.D.N.Y. 2001).

The plaintiff's arguments already have been considered and rejected by this Court. The plaintiff persists in arguing that this Court should not consider the state court's decision in the Second Action and that the Court instead should evaluate in the first instance whether the judgment in the First Action constituted a decision on the merits that bars this case on *res judicata* grounds. As explained in this Court's December 29 order, this argument ignores that "'a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court.'" (Dec. 29 Order at 4 (quoting Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994)).) The state court held that the judgment in the First Action is entitled to preclusive effect, and this Court must give that order the same preclusive effect. See Hamdeed v. Aldana, 296 Fed. App'x 154, 155 (2d Cir. 2008).

The plaintiff's assertion that it is entitled to its day in court rings hollow in light of the history of this case. This is the third action filed by the plaintiff against the defendants based on the same underlying dispute. The First Action was dismissed because the plaintiff refused to comply with the state court's discovery orders. If the plaintiff disagreed with the state court's decision in the Second Action, the proper avenue to challenge that decision would have been an appeal in state court. The plaintiff, however, failed to file a timely notice of appeal.

The plaintiff has not demonstrated exceptional circumstances that would entitled it to relief from the Court's judgment pursuant to Rule 60(b). Accordingly, the plaintiff's motion is denied.

SO ORDERED.

Dated: Brooklyn, N.Y.
      January 26, 2011                                       /s/
                                                             Carol Bagley Amon
                                                             United States District Judge